UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 12-11682-FDS |
| | ) | |
| MICHAEL L. FITZGERALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and his "supplement motion" for a waiver of fees and costs.

### I. Background

On August 29, 2012, Kevin Upshaw, who is confined at the Essex County Correctional Facility ("ECCF"), filed a self-prepared complaint in which he contends that he is entitled to the property of a deceased veteran. Upshaw alleges that in 2001 Richard J. Ward appointed him trustee of his property and promised him that he would receive Ward's assets upon his death. According to Upshaw, Ward died intestate in 2005 in a veteran's hospital in Iowa and left $134,866.57 in a bank account. Upshaw contends that the defendants—the state of Iowa and its officials—violated his right to due process by wrongfully seizing the money as forfeited property and refusing to give it to Upshaw. He also contends that defendants violated 38 U.S.C. § 8520, which provides that the property of an veteran who is without heirs and dies while receiving medical care from the Department of Veterans Affairs becomes the property of the United States.

Upshaw filed a motion for leave to proceed *in forma pauperis* and included an inmate account statement from the ECCF that shows his financial transactions from June 5, 2012, through August 21, 2012. A note on the statement suggests that Upshaw arrived at ECCF in June 2012.

Upshaw also filed a "supplement motion" for a waiver of fees and costs in which he argues that, under 38 U.S.C. § 8525, all fees and costs should be waived because the Secretary of Veterans Affairs is a party in interest and therefore may seek to intervene in this action.

**II.**     **Analysis**

    **A.**     **Motion to Proceed *In Forma Pauperis***

To maintain an action without the prepayment of fees, a prisoner must file a motion to proceed *in forma pauperis* with "a certified copy of the trust fund account statement . . . for the prisoner for the *6-month* period immediately preceding the filing of the complaint . . . obtained from the appropriate official *of each prison* at which the prisoner *is or was confined*." 28 U.S.C. § 1915(a)(2) (emphases added). The Court must then assess (and, when funds exist, collect from the prisoner) an initial partial filing fee of 20% of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). The prisoner pays the rest of the $350 filing fee over a period of time. *See* 28 U.S.C. § 1915(b)(2).

Here, Upshaw did not provide a six-month prison account statement. As noted above, the submitted statement covers a period of less than three months. Without a six-month statement, the Court cannot calculate the initial partial filing fee. To comply with 28 U.S.C. § 1915(a)(2), Upshaw must obtain a prison account statement from ECCF and any other institution in which he

was confined in the six-month period preceding the filing of the lawsuit.

Finally, the Court notes that, once the filing fee is resolved, summons will not issue unless the Court determines that the complaint has stated a claim for relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Moreover, even where an action is dismissed upon a preliminary screening, a prisoner remains obligated to pay the fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

### B. "Supplement Motion to Waive All Cost and Fees"

Section 8525 of Title 38 of the United States Code provides: "If necessary to obtain such assets the Secretary [of Veterans Affairs], through the Secretary's authorized attorneys, may bring and prosecute appropriate actions at law or other legal proceedings, the costs and expenses thereof to be paid as are other administrative expenses of the Department [of Veterans Affairs]." 38 U.S.C. § 8525. To the extent this statute even concerns a court's waiver of fees, it only applies to an action brought by the Secretary of Veterans Affairs. It is not applicable to an action brought by a private citizen. Accordingly, the Court denies Upshaw's "supplement motion" for a waiver of costs and fees under 38 U.S.C. § 8525.

## III. Conclusion

For the foregoing reasons,

1. Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED without prejudice. If plaintiff wishes to pursue this action, he must, within 28 days of the date of this Order, file a new motion for leave to proceed *in forma pauperis* with the required prison account statement(s). Failure to comply with this directive will result in dismissal of this action without

prejudice.

2. The motion to waive costs and fees is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 26, 2012